### THOMAS WHITLOCK and others *v.* FRANCISCO V. BUENO.

In an action by several plaintiffs, as partners, for goods sold and delivered, the defendant cannot avail himself on the appeal, of the objection, that they omitted to prove their partnership, if he allowed the omission to pass without objection on the trial.

In an action for goods sold and delivered, the evidence showed that the defendant admitted the correctness of the bill and promised to pay it, but objected to the interest, and said he bought the goods on credit, without specifying the length of credit: *Held*, there being evidence that he had made payments on account before suit brought, that the judgment of the justice, in favor of the plaintiff for the amount and interest, was correct.

APPEAL by defendant from a judgment of the Marine Court. This action was brought by the plaintiffs, as partners, against the defendant, for goods sold and delivered. The only evidence offered was that of the plaintiffs' book-keeper, who testified that he presented the bill to the defendant, who admitted its correctness and promised to pay it. It appeared, on the cross-examination of this witness, that the defendant said at the same time that he bought the goods on time and objected to the interest, but did not say he would not pay it. It also appeared that he had made payments on account of the bill. No evidence of the plaintiffs' partnership was introduced, but no objection was made upon the trial on that ground, nor was any motion made for a nonsuit. Judgment was rendered for the plaintiffs, from which the defendant appealed.

*McCunn* and *Moncrief*, for the appellant.

*Edward W. Marsh*, for the respondent.

INGRAHAM, FIRST JUDGE.—No objection was made upon the trial to the want of proof that the plaintiffs were partners. The evidence showed that the property sold belonged to the plaintiffs—not to any firm—and as the defendant suffered it to pass without

any objection, he is too late now to make it.  If this objection had been taken on the trial, the defect of proof might have been remedied.

The evidence showed that the bill had been presented to the defendant and he promised to pay it.  This was enough to make out the plaintiffs' case.  The allegation of the defendant, that he bought on time, amounted to nothing.  If he claimed a credit on the sale, it was incumbent on him to show on what credit he purchased the goods.  Giving all the weight that could be given to such a remark, the justice could not say whether the term of credit was a week, a month, or a year, and the whole allegation, that he bought on credit, was inconsistent with the admitted fact of his having made payments on account of the purchase from a fortnight after the first purchase, and at various times subsequently—at any rate, no credit could be allowed, because no specific credit was proved.

The judgment should be affirmed.